## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| POMPEY COAL COMPANY, | : | CIVIL ACTION – LAW |
| Plaintiff | : | JURY TRIAL DEMANDED |
| | : | |
| V. | : | HON. MALACHY E. MANNION |
| | : | (electronically filed) |
| BOROUGH OF JESSUP; GERALD | : | |
| J. CRINELLA; JOSEPH M. | : | Removed from the Court of Common |
| MELLADO;  GREGG BETTI; | : | Pleas of Lackawanna County |
| ROBERT GALATI; KEVIN M. | : | Civil Action No: 19-CV-2461 |
| GORDON; PETER LARIONI; and | : | |
| LORRAINE STEVENS, | : | |
| Defendants | : | NO:   3:20-CV-00358 |

## MOTION TO DISMISS

Defendants, Borough of Jessup, Gerald J. Crinella, Joseph M. Mellado, Gregg Betti, Robert Galati, Kevin M. Gordon, Peter Larioni and Lorraine Stevens, through their attorneys, Marshall Dennehey Warner Coleman and Goggin, hereby file a Motion to Dismiss in response to Plaintiff, Pompey Coal's Compliant, and state as follows:

1.    This matter was initiated in the Court of Common Pleas for Lackawanna County via the filing of a Writ on April 24, 2019.

2.    On May 1, 2019, the Court of Common Pleas granted Plaintiff's Motion for Leave to Conduct Pre-Complaint Discovery.

3.    Following pre-Complaint discovery, Plaintiff filed a Complaint on February 7, 2020, in the Court of Common Pleas for Lackawanna County,

Pennsylvania, at docket no: 19-CV-2461, and served the Complaint on Defendants, through counsel, on February 7, 2020.

4.    In the Complaint, Plaintiff alleges all Defendants acted to violate its constitutional rights through the preparation and adoption of a new comprehensive plan and new zoning ordinance for Jessup Borough.

5.    Plaintiff alleges eight counts:  Count I – 42 U.S.C. §1983 Retaliation Under the 14th Amendment to the United States Constitution; Count II – 42 U.S.C. §1983 Substantive and Procedural Due Process Violations under the 14th Amendment to the United States Constitution; Count III – 42 U.S.C. §1983 Equal Protection Violation; Count IV – 42 U.S.C. §1983 Civil Conspiracy; Count V – Civil Conspiracy; Count VI – Intentional Interference with Existing Contractual Relations; Count VII – Intentional Interference with Prospective Contractual Relations; and Count VIII – Violations of the Pennsylvania Municipalities Planning Code and Jessup Borough Subdivision and Land Use Ordinance.

6.    Because the Complaint raises both federal and state law claims, Defendants removed this action to the United States District Court for the Middle District of Pennsylvania on February 28, 2020.  (Doc. 1).

7.    In response to the allegations against them, pursuant to Fed. R.C.P. 12(b)(6), Defendants now file the instant Motion to Dismiss.

8.     Plaintiff's Complaint, in whole or in part, fails to state a cause of action upon which relief may be granted.

9.     Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must set forth  a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief; the Amended Complaint must provide the Defendant with fair notice of the claim.  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).

10.     When considering a Rule 12(b)(6) Motion to Dismiss, the Court must accept as true all factual allegations.  <u>See</u> <u>Ericson v. Partis</u>, 551 U.S. 89, 94 (2007).

11.     "While a Complaint attacked by a Rule 12(b)(6) Motion to Dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions in a formulaic recitation of the elements of a cause of action will not do."  <u>Twombly</u>, 550 U.S. at 555 (internal citations omitted).

12.     Legal conclusions without factual support are not entitled to the assumption of truth.  <u>See</u> <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949-50 (2009).

13.     The Court must dismiss if the Plaintiff fails to allege enough facts "to state a claim for relief that is plausible on its face."  <u>Iqbal</u>, 129 S.Ct. at 1949 (*quoting* <u>Twombly</u>, 550 U.S. at 570.)

14.     Plaintiff has failed to adequately state a cause of action upon which relief may be granted as to both the Borough of Jessup and the individual Defendants.  Fed.R.Civ.P. 12(b)(6).

15.     A Brief in Support of the instant Motion to Dismiss will be filed in accordance with Local Rule 7.5.

WHEREFORE, for the above reasons, as well as those reasons more fully articulated in Defendants' forthcoming Brief in Support of their Motion to Dismiss, the Defendants respectfully request that this Honorable Court grant their Motion to Dismiss Plaintiff's Complaint.

Respectfully submitted,

MARSHALL DENNEHEY
WARNER COLEMAN & GOGGIN


By:_____
        Mark J. Kozlowski, Esquire
        Attorney I.D. No:  PA 308676
        P.O. Box 3118
        Scranton, PA  18505-3118
        (570) 496-4600

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| POMPEY COAL COMPANY, | : | CIVIL ACTION – LAW |
| Plaintiff | : | JURY TRIAL DEMANDED |
| | : | |
| V. | : | HON. MALACHY E. MANNION |
| | : | (electronically filed) |
| BOROUGH OF JESSUP; GERALD | : | |
| J. CRINELLA; JOSEPH M. | : | Removed from the Court of Common |
| MELLADO;  GREGG BETTI; | : | Pleas of Lackawanna County |
| ROBERT GALATI; KEVIN M. | : | Civil Action No: 19-CV-2461 |
| GORDON; PETER LARIONI; and | : | |
| LORRAINE STEVENS, | : | |
| Defendants | : | NO:   3:20-CV-00358 |

## CERTIFICATE OF SERVICE

I, Mark J. Kozlowski, Esquire, do hereby certify that a true and correct copy of

the foregoing Motion to Dismiss was served upon all parties by CM/ECF filing on the

6th day of March, 2020 at the following addresses:

James J. Scanlon
Ridley, Chuff, Kosierowski & Scanlon, PC
400 Broad Street
Milford, PA  18337

MARSHALL DENNEHEY
WARNER COLEMAN & GOGGIN

By:_____
Mark J. Kozlowski, Esquire
Attorney I.D. No:  PA 308676